**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICIA LEAR,** | : | |
| **Plaintiff** | : | **No. 1:20-cv-01239** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **DERRY TOWNSHIP** | : | |
| **SCHOOL DISTRICT, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the Court is Defendants Derry Township School District ("Defendant School District") and Erick Valentin ("Defendant Valentin") (collectively "Defendants")' motion to dismiss Plaintiff Patricia Lear ("Plaintiff")'s amended complaint for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 23.)  For the reasons that follow, Defendants' motion will be granted in part and denied in part.

I.     **BACKGROUND**

A.     **Procedural Background**

Plaintiff and former-Plaintiff Tara Dorsey Stasi initiated the above-captioned action on July 17, 2020 by filing a complaint in this Court asserting claims against Defendants for disability discrimination, harassment, hostile work environment, and retaliation in violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 1201, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 651-953.  (Doc. No. 1.)  Defendants filed a motion to dismiss the complaint on September 18, 2020.  (Doc. No. 14.)  On October 12, 2020, Plaintiff filed a motion for leave to file an amended complaint (Doc. No. 20) in light of the fact that the parties privately resolved the claims of former-Plaintiff Stasi, which the Court granted (Doc. No. 21).  Due to the filing of the amended complaint, the Court denied the initial

motion to dismiss as moot.  (Id.)  Subsequently, Defendants filed the instant motion to dismiss

the amended complaint along with a brief in support of the motion.  (Doc. Nos. 23, 24.)  Plaintiff

filed a brief in opposition to the motion on November 13, 2020.  (Doc. No. 26.)  As of the date of

this Memorandum, Defendants have not filed a reply brief and the time for filing a reply has

passed.  Accordingly, the motion is ripe for disposition.

      **B.**      **Factual Background** [1]

      Plaintiff is an adult individual who currently resides in Annville, Pennsylvania.  (Doc.

No. 22 ¶ 4.)  Plaintiff was employed by Defendant School District in various positions from

approximately August 2002 through September 2018.  (Id. ¶¶ 9-10, 20, 51.)  Plaintiff alleges that

she suffers from various psychiatric conditions that render her a qualified individual with a

disability under the ADA, and that at all relevant times Defendants were aware of her disabilities

or perceived her as suffering from a disability.  (Id. ¶¶ 12-14.)  Plaintiff submits that Defendants

engaged in "a pattern and practice of harassing employees with disabilities or perceived

disabilities" and that she was subjected to, inter alia, regular and pervasive harassment and

differential treatment on the basis of her disabilities, which ultimately resulted in Plaintiff

suffering "an emotional breakdown which required extended hospitalization."  (Id. ¶¶ 23-49, 59.)

Plaintiff alleges that upon her release from the hospital, she was unable to continue her

employment as a result of the harassment and discrimination she was subjected to by

Defendants; she submitted a letter of resignation on September 10, 2018.  (Id. ¶¶ 50-51.)

Plaintiff further alleges that: (1) during the course of her employment, she complained about the

alleged harassment and discrimination to numerous individuals, including her union president,

---

[1] Unless otherwise stated, the following factual background is taken from the allegations of
Plaintiff's amended complaint.  (Doc. No. 22.)

union representative, and to the assistant superintendent, who was Defendant School District's nondiscrimination compliance officer (id. ¶¶ 57, 69); (2) Defendant School District "took no action to investigate or correct the behavior" (id. ¶¶ 57, 75); and (3) the conduct "continued unabated and escalated after [Plaintiff]'s initial complaints" (id. ¶ 61).

## II.   LEGAL STANDARD

### A.   Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).  When reviewing the sufficiency of a complaint pursuant to a motion to dismiss under Rule 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court need not accept legal conclusions set forth as factual allegations.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Consistent with the Supreme Court's ruling in Twombly and Ibqal, the Third Circuit Court of Appeals has identified three steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6):  (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).  A

complaint is properly dismissed where the factual content in the complaint does not allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See Iqbal, 556 U.S. at 678.  Additionally, a court may not assume that a plaintiff can prove facts that the plaintiff has not alleged.  See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In evaluating a motion to dismiss, a court may generally only consider the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record.  See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). A limited exception to this rule is that "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation omitted).

## III.    DISCUSSION

Defendants do not argue that Plaintiff has inadequately pleaded any of the claims in her amended complaint; instead, the instant motion is based primarily on Defendants' assertion that Plaintiff signed a waiver and release of her claims that bars the instant action.  (Doc. No. 23.) Specifically, Defendants assert that Plaintiff's ADA and PHRA claims against Defendant School District: (1) are barred as a result of Plaintiff's alleged release of claims; and (2) cannot be sustained against Defendant Valentin in the absence of a claim against Defendant School District.  (Id.)  Further, Defendants argue that Plaintiff's ADA claim cannot be sustained against Defendant Valentin alone because the ADA does not allow for individual liability.  (Id.) Plaintiff concedes that the ADA does not provide for individual liability.  (Doc. No. 26 at 14 n.2.)  Accordingly, the Court will dismiss Plaintiff's ADA claims insofar as they are asserted

against Defendant Valentin as an individual and will turn to Defendants' arguments regarding Plaintiff's alleged release of claims.

### A. Applicable Legal Standard

Employees may waive their rights to pursue legal action against employers as long as any waiver is made "knowingly and willfully." See Cuchara v. Gai-Tronics Corp., 129 F. App'x 728, 730 (3d Cir. 2005) (citing Coventry v. U.S. Steel Corp., 856 F.2d 514, 522 (3d Cir. 1988)). In order to determine the validity of a release, courts must look to the totality of the circumstances of its execution. See Coventry, 856 F.2d at 523. The Third Circuit has established a list of factors that courts must consider when engaging in this analysis. See id. The relevant factors include:

> (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation of the release before signing it; (4) whether plaintiff knew or should have known her rights upon execution of the release before signing it; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was opportunity for negotiation of the terms of the release; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which she was already entitled to by law.

See Cirillo v. Arco Chemical Co., 862 F.2d 448, 451 (3d Cir.1988) (citing Coventry, 856 F.2d at 523).

### B. Arguments of the Parties

Defendants argue that the Court should dismiss Plaintiff's claims against Defendant School District with prejudice as barred by a purported release of claims. (Doc. No. 23 at 3.) Specifically, Defendants submitted to the Court a four-sentence letter signed by Plaintiff on September 10, 2018 which Defendants assert "satisfies multiple Coventry factors." (Doc. No. 25; Doc. No. 23 ¶ 31.) Defendants argue that this document may be considered at the motion to dismiss stage because "it is integral to whether she may pursue her claims at all." (Doc. No. 23 ¶

27.)  Defendants do not request that the Court alternatively consider the pending motion as a

motion for summary judgment.

In response, Plaintiff argues that the Court may only consider the purported release of

claims under a summary judgment standard because it is a document outside the pleadings.

(Doc. No. 26 at 4.)  Accordingly, Plaintiff filed a statement of material facts and a sworn

affidavit from Plaintiff to provide additional details regarding the circumstances surrounding

Plaintiff's signing of the purported release.  (Doc. No. 26-1; id., Exh. A.)  Plaintiff argues that

"there are genuine disputes of material fact concerning the execution of the September 10, 2018

document" and that "the Court should conclude that the document of September 10, 2018 is not a

valid or enforceable release of all claims against the District."  (Doc. No. 26 at 14.)  As noted,

Defendants filed no reply.

### C.   Whether the Court Should Dismiss the Amended Complaint Based on the Alleged Release

Upon review of the parties' arguments and the applicable law, the Court finds that it lacks

sufficient information at this time to determine whether the purported release of claims at issue is

a valid and enforceable release of claims.  As an initial matter, the Court disagrees with

Defendants' assertion that the document provided may be properly considered in connection with

a motion to dismiss.  By Defendants' own argument, Plaintiff's complaint is not based on any

alleged release; rather, Defendants submit that "it is integral to whether she may pursue her

claims at all."  (Doc. No. 23 ¶ 27.)  However, the standard for whether the Court may properly

consider documents beyond the pleadings on a motion to dismiss is whether a document is

integral to the complaint, not whether the document is relevant to a party's affirmative defense.

See Hartig Drug Co. Inc. v. Senju Pharm. Co., 836 F.3d 261, 274 (3d Cir. 2016) (vacating and

remanding a judgment dismissing claims on a 12(b)(6) motion where the district court

considered documents outside the complaint, stating that "we cannot say that the [document] was integral to [the plaintiff's] claims. It is integral only to the Defendants' attack on those claims"). As the United States District Court for the Eastern District of Pennsylvania found under similar circumstances to those present here, "Plaintiff's discrimination claims are premised on her treatment in the work place and eventual termination, not a document that purportedly set forth the parties' rights after that termination." See Rizzotto v. Quad Learning, Inc., No. 18-cv-4630, 2019 WL 2766588, at *2 (E.D. Pa. June 28, 2019).  Accordingly, the Court finds that it cannot properly consider the purported release without converting the instant motion to a motion for summary judgment.

The Court further finds that consideration of the instant motion as a motion for summary judgment would be premature at this time.  Despite Plaintiff's best efforts in attempting to respond appropriately to the instant motion as if it had been brought alternatively as a motion for summary judgment, it is clear that Defendants made no effort to provide the Court with the briefing and submissions required to support a motion for summary judgment pursuant to the local rules of this Court.  See L.R. 56.1.[2]  When seeking summary judgment, the moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  See Conoshenti v. Pub. Serv. Elec. & Gas. Co., 364 F.3d 135, 145-46 (3d Cir. 2007).  Defendants have identified no evidence, and, indeed, as the parties have yet to undertake any discovery in this action, there is no developed factual record before the Court.  In general,

---

[2] Local Rule 51.6 provides that a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried" and that "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements."  See L.R. 56.1.  Defendants did not submit the requisite statement and further failed to file a reply to Plaintiff's submissions in opposition.

courts should not rule on a summary judgment motion before the parties have had a reasonable opportunity to conduct discovery as discovery is likely to produce evidence relevant to the disposition of a summary judgment motion.  See, e.g., Doe v. Mercy Health Corp. of Se. Pennsylvania, 150 F.R.D. 83, 85 (E.D. Pa. 1993) (finding summary judgment premature because of "a reasonable possibility that Plaintiff may be able to adduce pertinent evidence through further discovery").  In the present case, the lack of any factual record at this time renders the Court unable to conduct the appropriate analysis pursuant to the Coventry factors to make a determination as to the validity or scope of any purported release.  Accordingly, the Court will deny the instant motion as premature and will consider the validity of the alleged release of claims at such a time as the issue is properly presented to the Court by way of a motion for summary judgment after the close of discovery.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 23) will be granted in part and denied in part.  An Order consistent with this Memorandum follows.